IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| KIMBERLY RENEE PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-01173-JDB-egb |
| | ) | |
| | ) | |
| SLEEP ANALYSTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Before this Court for Report and Recommendation is Plaintiff's Motion for

Default Judgment [D.E.35].

## Procedural History

In May 2009, Plaintiff's EEOC complaint arising out of her employment and

discharge by Defendant was dismissed, and she was notified of her right to bring a

lawsuit. Plaintiff's federal action then was filed August 18, 2009 [D.E. 1].

The record reflects that the attorney for Defendant filed its Answer [D.E. 5] and

later withdrew as counsel for Defendant. The District Court entered an order permitting

counsel to withdraw on August 13, 2010 [D.E. 29]. Defendant Corporation has taken no

further action in the matter.

Pursuant to Fed. R. Civ. P. 55 (a), the Clerk's Entry of Default as to Defendant

Sleep Analysts, Inc. properly was entered on October 22, 2010 [D.E. 34]. Plaintiff then

filed her Motion for Default Judgment, which was referred to the Magistrate Judge for a Report and Recommendation.

Consistent with Rule 55(b) (2), this Court held a hearing on January 7, 2011 to determine the amount of damages to be awarded to the Plaintiff. The Court, on December 10, 2010, had notified Defendant of this hearing by mail to its address listed with the Court.

## Analysis

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); <u>Shepard Claims Service, Inc. v. William Darrah & Associates</u>, 796 F.2d 190, 194 (6th Cir. 1986). When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983).

In this case, taking Plaintiff's allegations as true, the relevant facts are as follows. Plaintiff was employed by Defendant at their business location in Michie, Tennessee from October 2007 until she was fired in May 2008. She worked as a pulmonary rehabilitation technician making $11 per hour. Her supervisor was Wally Elliot. Plaintiff states that on numerous occasions, Mr. Elliot subjected her to sexual harassment. She reported this to other supervisors to no avail. Plaintiff asserts that after she and a co-

worker made another complaint of being sexually harassed by Mr. Elliot, she was fired from her job. She claims this was a pretextual discharge because she refused his sexual advances. Defendant was not present at the hearing on damages. Plaintiff testified that her pay with Defendant was $400 per week and that she lost this income over the past two and one-half years, for a total of $52,000. This was offset by income from other lesser paying jobs or unemployment during that time, in the amount of $16,526. Thus, her loss of income is <u>$35,474</u>, which this Court recommends she be awarded.

Plaintiff testified further that during the time of her work with Defendant, she suffered from severe mental anxiety and stress because she was subjected to sexual harassment and retaliation by her supervisor Mr. Elliot. Her sister, a nurse practitioner, prescribed Xanax, which Plaintiff used because of stress and nerves during the last two-three months of her employment.  She was terminated from work on or about May 8, 2008. This Court recommends Plaintiff be awarded <u>$10,000</u> in additional compensatory damages for this anxiety and stress caused by her supervisor.

The Court also recommends <u>$10,000</u> be awarded Plaintiff as punitive damages because of Defendant's willful failure to take the required action to prevent the ongoing misconduct by Plaintiff's supervisor.

## **<u>Conclusion</u>**

Therefore, the Magistrate Judge recommends that Plaintiff's Motion be granted and the Court award Plaintiff $45,474 in compensatory damages and $10,000 in punitive damages.

Respectfully submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   **January 12, 2011**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**